UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF FLORIDA
PALM BEACH DIVISION

15TH JUDICIAL CIRCUIT
Court Case No.: 502022CA002265XXXXMB

MARISOL RODRIGUEZ AMORTEGUI,

    Plaintiff,

v.

TARGET CORPORATION,

    Defendant.
_____/

## DEFENDANT'S NOTICE OF REMOVAL WITH INCORPORATED MEMORANDUM OF LAW

Defendant/Petitioner TARGET CORPORATION ("TARGET"), by and through its undersigned counsel and pursuant to 28 U.S.C. §§1332, 1441, 1446, Fed. R. Civ. P. 81(c), respectfully petitions this Court for removal of the above-captioned action from the Fifteenth Judicial Circuit Court in and for Palm Beach County, Florida to the United States District Court for the Southern District of Florida, Palm Beach Division [Ex. 1: Civil Cover Sheet]. In support thereof, TARGET states as follows:

    1.    Plaintiff filed this state court action styled *Marisol Rodriguez Amortegui v. Target Corporation*, Case No.: 502022CA002265XXXXMB in the Fifteenth Judicial Circuit, in and for Palm Beach County, Florida, on March 15, 2022 alleging personal injuries to MARISOL AMORTEGUI ("AMORTEGUI") as a result of a slip and fall on a "wet, slippery substance on the floor" at the Winter Garden Target store on October 7, 2020. TARGET was served with the Complaint on March 18, 2022 [Ex.2: Summons and Complaint: ¶10 ].

    2.    On April 1, 2022 TARGET filed its Answer and Affirmative Defenses to AMORTEGUI'S Complaint. [Ex. 3: Target Answer]

3. AMORTEGUI is a citizen of the state of Florida [Ex.2: ¶2].

4. TARGET is a foreign corporation incorporated in Minnesota with its principle place of business in Minnesota. TARGET is a citizen of the state of Minnesota [Ex.3: ¶3].

5. The Complaint seeks damages for AMORTEGUI'S alleged injuries and states as follows [Ex.2: ¶13]:

> MARISOL RODRIGUEZ AMORTEGUI was injured in and about her body and extremities, suffered pain and mental anguish therefrom, loss of capacity for the enjoyment of life, was required to and did receive medical care, treatment, and related expenses as a result of her injuries, suffered great pain and will continue permanently to suffer great pain, and has suffered and sustained permanent injury within a reasonable degree of medical probability and/or aggravated a pre-existing injury or condition thereto; and said injuries are either permanent or continuing in their nature, that her working ability was impaired and she suffered a resultant loss of earnings and will suffer such losses and impairments in the future, as well as conditions not yet diagnosed; that all of said injuries were caused solely by the negligence and carelessness of the defendant, TARGET.

6. AMORTEGUI'S Complaint seeks damages in excess of Thirty Thousand Dollars ($30,000.00).

7. By correspondence dated June 15, 2021, AMORTEGUI'S counsel provided TARGET with a "formal demand for settlement" with supporting medical records and bills identifying **medical expenses of $107,118.05** advising as follows:

> As you will see from the enclosed reports, MARISOL RODRIGUEZ AMORTEGUI has suffered a head injury with laceration that left a scar; disc herniations at C3/4, C4/5; disc bulges at C5/6 and C6/7; lumbar disc bulges at L3/4, L4/5, and L5/S1. Ms. Amortegui also was diagnosed with a born *(sic)* labrum for which she underwent a surgical arthroscopy with debridement, subacromial decompression, and bursectomy among other injuries from this incident.
>
> In view of the foregoing, demand for settlement of our client's case is hereby made in the sum of $550,000.00. This demand will remain open for 20 days from the date of this latter, that is by 07/05/2021 at 5:00 p.m. Your settlement check should be made payable to The Trust Account of Rubenstein Law, P.A. for the benefit of our client. (Tax ID # provided)
> [Composite Ex. 4: June 15, 2021 Formal Settlement Demand Correspondence]

8. As part of the demand package, AMORTEGUI provided medical records and billing to confirm the extent of the injuries which she relates to her fall at Target. Per AMORTEGUI'S records, Fire Rescue was dispatched to the scene for a "head injury from a fall." AMORTEGUI requested and was transported to the Emergency Room of Winter Garden Hospital for evaluation for her injuries. Sutures were placed to repair a laceration to AMORTEGUI'S head. AMORTEGUI treated for moderate to severe pain in her neck, back and extremities; MRIs of AMORTEGUI'S neck, back and right shoulder were performed; neurologist Dr. Rielo referred AMORTEGUI for a MRI of the brain to evaluate "physical, sensory and behavioral type symptoms associated with post-concussion syndrome since the accident;" and AMORTEGUI underwent arthroscopic surgery of her right shoulder with debridement of a torn labrum, subacromial decompression and bursectomy with Dr. Staraces. [Composite Exhibit 4: Select medical records from the Final Settlement Demand package].

13. In addition to the identified medical records and billing which she relates to her fall of **$107,118.05,** AMORTEGUI produced seven (7) colored photographs depicting the extent of her injuries which she relates to the fall at Target as part of her demand package.

15. Based upon the alleged significant and permanent injuries and damages suffered by AMORTEGUI, Counsel directed a $550,000.00 demand to TARGET. Counsel further advised that the demand "will remain open for twenty (20) days from the date of this letter." Detail payment instructions were provided including identification of the firm's Tax ID number and that "the settlement check should be made payable to The Trust Account of Rubenstein Law, PA for the benefit of our client." [Composite Exhibit 4].

17. Based upon Counsel's evaluation of the case at $550,000.00, AMORTEGUI'S claimed injuries to her head, neck, back, and right shoulder, medical bills to date of at least

$107,118.05, pathology identified on her MRIs, and arthroscopic right shoulder surgery, it is clear that the amount in controversy herein exceeds the $75,000.00 threshold for diversity jurisdiction under 28 U.S.C. §1332.

18. TARGET'S Notice of Removal has been filed within 30 days of receipt of the initial pleading in accordance with 28 U.S.C. §1446.

19. Venue is proper in the Palm Beach Division of this Court pursuant to 28 U.S.C. §1446 as the state court action originated in Palm Beach County.

20. Copies of all process, pleadings and other papers filed in the State Court proceedings have been filed with the Court as required by 28 U.S.C. §1446 (a). Copies of these documents are attached as composite Exhibit 5.

21. TARGET has filed the removal fee contemporaneously with its Removal Petition.

22. Pursuant to 28 U.S.C. §1446(d), TARGET has provided written notice of the removal of the State Court Action to AMORTEGUI'S counsel and has filed a Notice of Filing this Notice of Removal with the State Court. A true and correct copy of the Notice of Filing Target's Notice of Removal is attached hereto as Exhibit 6.

## MEMORANDUM OF LAW

23. Removal of this action is based on diversity jurisdiction pursuant to 28 U.S.C. §1332, as complete diversity exists between the identified parties and the amount in controversy exceeds the statutorily mandated threshold of $75,000.00. Accordingly, this action is ripe for removal to this Court pursuant to 28 U.S.C. §1441.

24. As a predicate for removal, a removing defendant must demonstrate that the district court has original jurisdiction of the action pending in state court. *Leonard v. Kern,* 651 F. Supp. 263 (S.D. Fla. 1986). The burden is on the party requesting removal to federal court to show that

it has met all of the applicable statutory requirements. *Wright v. Continental Casualty Co.,* 456 F. Sup. 1075, (N.D. Fla. 1978). The defendant must establish by a preponderance of the evidence that the amount in controversy exceeds $75,000 and that complete diversity exists. *Salsberry v. RT W. Palm Beach Franchise, Ltd*, 2014 WL 12479403, (S.D. Fla. 2014), *Katz v. J.C. Penney Corp.*, 2009 WL 1532129, (S.D. Fla. 2009). A defendant may introduce its own affidavits, declarations, or other documentation to meet its burden. *Pretka v. Kolter City Plaza II,* 608 F. 3d 744 (11th Cir. 2010). Pre-suit settlement offers and demands are proper considerations in evaluating the amount in controversy for purposes of removal. *Katz v. J.C. Penney Corp.*, 2009 WL 1532129, (S.D. Fla. 2009).

25. Diversity of citizenship exists between AMORTEGUI and TARGET because this is a civil action between citizens of different states. 28 U.S.C. §1332(a)(1). In determining a person's citizenship for purposes of diversity jurisdiction, "citizenship is equivalent to 'domicile.'" *McCormick v. Aderholt*, 2983 F.3d 1254 (11th Cir. 2002). "A person's domicile is the place of her true, fixed, and permanent home and principal establishment, and to which she has the intention of returning whenever she is absent therefrom." *Id*. Furthermore, "[i]t is well established that a party's residence is prima facie evidence of a party's domicile," and "[f]or purposes of diversity jurisdiction, a party's domicile is equivalent to her citizenship. *Katz.*

26. Per the Complaint, AMORTEGUI is a resident of Palm Beach County, Florida. AMORTEGUI is a citizen of the State of Florida. TARGET is incorporated in Minnesota and is considered a citizen of the State of Minnesota. The parties are diverse.

27. This action satisfies the amount in controversy requirement for purposes of removal. Based upon the removal evidence, including AMORTEGUI'S Complaint, Counsel's $550,000.00 settlement demand identifying medical bills of $107,118.05 along with

AMORTEGUI'S claimed head injury and the alleged injuries to her neck, back, and right shoulder all of which AMORTEGUI relates to her fall at Target backed with supporting medical records and billing provided in the demand package, and AMORTEGUI'S need for right shoulder surgery, TARGET has met its burden by a preponderance of the evidence that this action exceeds the jurisdictional requirement.

28. TARGET has fully complied with the statutory requirements for removal of this matter to Federal Court. Compete diversity of citizenship exists between AMORTEGUI (Florida) and TARGET (Minnesota) and the amount in controversy exceeds of $75,000.00. The Court possesses jurisdiction over this matter.

29. AMORTEGUI'S unequivocal $550,000.00 settlement demand constitutes legally certain evidence that AMORTEGUI seeks damages in excess of $75,000.00. *Bowen v. State Farm Mut. Auto. Ins. Co.*, 2010 U.S. Dist. LEXIS 39433 (M.D. Fla. 2010).

30. In *Bowen v. State Farm Mut. Auto. Ins. Co.*, 2010 U.S. Dist. LEXIS 39433 (M.D. Fla. 2010), Bowen filed her state court complaint against State Farm seeking damages in excess of $15,000.00 for injuries she sustained in a motor vehicle collision. State Farm timely removed the case to Federal Court relying upon counsel's written demand letter demanding $100,000.00 with past medical bills of $20,012.45 and Bowen's claim for pain and suffering, loss of earnings, mental anguish, loss of ability to earn money, and loss of capacity of enjoyment of life. Judge Fawsett denied Bowmen's remand motion and held that State Farm met its burden of establishing by a preponderance of the evidence the amount in controversy was in excess of $75,000.00. Bowen's demand letter stated unequivocally, '[it] is our opinion that a reasonable settlement value for Vicki Bowen's claim for bodily injuries, impairments, damages, and losses is well in excess of the policy limits [$100,000] for which we hereby make demand." Judge Fawsett affirmed that

Plaintiff's unequivocal demand with a specific dollar amount is sufficient to constitute "legally certain evidence that Plaintiff seeks damages in excess of $75,000.00." *Bowen*. Based upon the unequivocal $100,000.00 demand and the allegations contained in Bowen's Complaint, Judge Fawsett held that State Farm met its jurisdictional burden to establish that the amount in controversy was in excess of $75,000.00.

31. As in *Bowen*, Counsel's unequivocal $550,000.00 demand constitutes "legally certain evidence that Plaintiff seeks damages in excess of $75,000.00." *Id.* Additionally, the Complaint seeks damages for permanent injuries, physical and mental pain and suffering, mental anguish, loss of earnings and impairment of earning capacity and/or permanent aggravation of a pre-existing condition. AMORTEGUI contends that all of her injuries are either permanent or continuing in nature and that she will suffer additional losses in the future. [Ex. 2]. Based upon on all of the foregoing, the amount in controversy in this matter is clearly in excess of the jurisdictional threshold limit of $75,000.00.

32. A removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it. *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744 (11th Cir. 2010). A removing defendant need only show that the amount in controversy more likely than not exceeds the jurisdictional requirement. *Roe v. Michelin North America, Inc.*, 613 F.3d 1058 (11th Cir. 2010). Based on the foregoing, removal of this matter is proper; TARGET has demonstrated by a preponderance of the evidence, that the amount in controversy herein exceeds the jurisdictional requirement set forth in 28 U.S.C. §1332.

## **CONCLUSION**

33. This action is removable to federal court pursuant to 28 U.S.C. §1332 because there is diversity of citizenship between the parties and the amount in controversy exceeds the

$75,000.00 threshold for federal jurisdiction. AMORTEGUI is a citizen of the State of Florida and TARGET is a Minnesota corporation. Diversity jurisdiction exists pursuant to 28 U.S.C. §1332, as there is complete diversity between the parties. *Strawbridge v. Curtis*, 7 U.S. 267 (1806).

WHEREFORE, Defendant/Petitioner, TARGET CORPRATION, respectfully requests this action, which is currently pending in the Fifteenth Judicial Circuit in and for Palm Beach County, Florida, be removed to this Honorable Court, that this Court assume full jurisdiction over the cause herein as provided by law, and that the Court grant further relief which is deemed just and appropriate.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 4th day of April, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

DERREVERE STEVENS BLACK & COZAD  
2005 Vista Parkway, Suite 210  
West Palm Beach, Florida 33411  
Telephone: (561) 684-3222  
Facsimile: (561) 640-3050  
Email: jdd@derreverelaw.com

BY: */s/ Jon D. Derrevere*  
JON D. DERREVERE, ESQUIRE  
Florida Bar No: 0330132

## **SERVICE LIST**

### MARISOL RODRIGUEZ AMORTEGUI **versus Target Corporation**

### **United States District Court, Southern District of Florida**

| | |
|---|---|
| Jon D. Derrevere, Esquire<br>E-mail: jdd@derreverelaw.com<br>Derrevere Stevens Black & Cozad<br>2005 Vista Parkway, Suite 210<br>West Palm Beach, FL 33411<br>Telephone: (561) 684-3222<br>*Attorney for Defendant, Target Corporation* | Thomas H. Leeder, Esquire<br>Email: pleadings@leederlaw.com<br>Leeder Law<br>8551 West Sunrise Blvd., Ste. 202<br>Plantation, FL 33322<br>Telephone (954) 734-2382<br>*Attorney for Plaintiff, Marisol Rodriguez Amortegui* |